**MYINT OO LWIN, Petitioner,**

v.

**Alberto R. GONZALES, US Attorney General, Respondent.**

**No. 06–4389–ag.**

United States Court of Appeals, Second Circuit.

March 21, 2007.

William Michael Sharma–Crawford, Overland Park, Kansas, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Myint Oo Lwin, a native and citizen of Burma,[1] seeks review of an Au-

---

1. While the Burmese military government declared in 1989 that the country's name would henceforth be "Myanmar," and while the country is often referred to as "Myanmar" in diplomatic discourse, petitioner refers to the country as "Burma." Additionally, according to the CIA's World Factbook, the decision to refer to the country as Myanmar "was not

gust 23, 2006, order of the BIA affirming the March 3, 2005, decision of Immigration Judge ("IJ") Jeffrey S. Chase denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Myint Oo Lwin,* No. A98 478 207 (B.I.A. Aug. 23, 2006), *aff'g* No. A98 478 207 (Immig. Ct. N.Y. City Mar. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

▆ There was substantial evidence to support the IJ's determination that Lwin was not credible with respect to the events that occurred in 2003, thus undermining his claim of past persecution and well-founded fear of persecution. In support of the adverse credibility determination, the

IJ noted Lwin's inconsistent testimony as to when he learned about the possibility of asylum in general and when he actually decided to apply. Lwin provided conflicting answers as to why he did not apply for asylum during his third trip to the United States. He also asserted that he did not know about asylum procedures during his initial trips to the United States, but later indicated that he was aware of the option and just did not have the opportunity to apply. Lastly, the IJ noted that Lwin's testimony that the 2003 arrest lead to his desire to apply for asylum was undercut by his statement that he planned to apply for asylum before that event even occurred. Based on these inconsistencies, the IJ did not err in finding that the events Lwin described as occurring in 2003 were incredible. Moreover, the IJ noted that Lwin's conflicting testimony about his 2003 arrest undercut his assertion that he feared facing persecution of a similar nature. Accordingly, the IJ's adverse credibility determination, as it related to the events 2003, is supported by substantial evidence.

▆ Because the IJ's adverse credibility finding went only to the 2003 events, it does not affect our review of the IJ's past persecution analysis as it related to the 1988 events. Even assuming that these events constituted persecution, the IJ reasonably determined that the 1988 events were irrelevant to Lwin's asserted fear of returning to Burma. At the hearing, Lwin emphasized that he was afraid to return to Burma because he had traveled abroad and would have foreign currency. When discussing the extortion he suffered, Lwin explicitly stated that although the authorities claimed to be detaining him for his political activities, he believed that the real

approved by any sitting legislature in Burma, and the U.S. Government did not adopt the name...." *CIA World Factbook (Burma),* https://www.cia.gov/ cia/publications/ factbook/geos/bm.html (last visited November 2, 2006). Accordingly, we refer to Lwin's country of origin as "Burma."

reason was because he had traveled abroad and had access to foreign currency. He also testified that he was no longer involved in political activities. As the IJ noted, Lwin failed to show why his 1988 political activities were relevant to his 2004 asylum claim. Accordingly, the IJ's denial of relief was appropriate because Lwin no longer asserts a fear of persecution due to his political activities or opinion. *Cf.* 8 C.F.R. § 208.13(b)(1)(i)(A). In any event, as noted above, the IJ concluded that Lwin was not credible with respect to his asserted reasons for fearing return to Burma.

Because Lwin was unable to show the objective likelihood of persecution needed to establish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

■ This Court may review only those categories for relief that an applicant raises before the BIA. 8 U.S.C. § 1252(d)(1); *see Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118 (2d Cir.2007), *amending Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101 (2d Cir.2006). Here, Lwin mentioned his CAT claim in the conclusion of his brief to the BIA, but made no argument that he qualified for that form of relief. Accordingly, this claim is unexhausted and is dismissed for lack of jurisdiction. *Id.; see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. Having completed our review, the unopposed pending motion for a stay of removal in this petition is DISMISSED as moot.